*427 OPINION.
MoRRis:
Substantially all of the facts herein were stipulated between the parties and are set forth in our findings in the language of the stipulation with the exception of certain minor changes in form.
The first question urged by the petitioner is with respect to the respondent’s treatment of the excess of Government compensation allowed for 1918 and 1919 over the amount of the so-called “ standard return ” for said years. This question has been amply considered and decided favorably to the petitioner’s contention in a number of cases heretofore, among which are Illinois Terminal Co., 5 B. T. A. 15; New Orleans, Texas & Mexico Railway Co., 6 B. T. A. 436; and Texas & Pacific Railway Co., 9 B. T. A. 365.
The second allegation of error urged by the petitioner is that the respondent erred in including in its net income for 1920 a,n amount paid to it by the United States Railroad Administration as compensation for loss and damage to its property during the period of Federal control. In Terminal Railroad Association of St. Louis, 17 B. T. A. 1135, we held that a payment or allowance for under-maintenance does not constitute income, but represents a return of original capital investment. This issue, therefore, must be decided in favor of the petitioner.
The respondent conceded error with respect to the third issue set forth herein. Great Northern Railway Co., 8 B. T. A. 225.
The parties stipulated, and we have incorporated in our findings of fact herein, that the petitioner is entitled to a credit in the final determination of the tax due for 1920 in the amount of 2 per cent of the proportion of income applicable to the period of Federal control and that such credit should be taken into consideration in determining the final deficiency.

Decision will Toe entered wider Rule 50.